UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:12-CR-00127-WTL-TAB ) |
| DONALD SACHTLEBEN, | ) ) |
| Defendant. | ) |

**PLEA AGREEMENT**

The United States of America, by counsel, Joseph H. Hogsett, United States Attorney for the Southern District of Indiana, Steven DeBrota, Senior Litigation Counsel, and the defendant, DONALD SACHTLEBEN, in person and by counsel, Kathleen M. Sweeney, hereby inform the Court that a Plea Agreement has been reached in this cause pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). The following are its terms and conditions:

1. **Plea of Guilty to the Information**: The defendant agrees to waive indictment by a federal grand jury and plead guilty to Counts 1 and 2 of the Information, which charge that he knowingly distributed, and attempted to distribute, child pornography by means of a computer in violation of 18 U.S.C. §2252(a)(2) and knowingly possessed child pornography in violation of 18 U.S.C. §2252(a)(4)(B).

    A. **Potential Penalties**: Count 1 may be punished by a term of imprisonment of between five (5) and twenty (20) years, a fine of up to $250,000, and a term of supervised release following any term of imprisonment for five (5) years up to the life of the defendant. Count 2

1

may be punished by a term of imprisonment of up to ten (10) years, a fine of up to $250,000, and a term of supervised release following any term of imprisonment for up to the life of the defendant.

    B.    **Elements of the Offense**: To sustain the offense charged in Count 1, the government must prove the following propositions beyond a reasonable doubt: (1) the defendant knowingly distributed a visual depiction using any means or facility of interstate or foreign commerce, or in or affecting interstate or foreign commerce, by any means including by computer; (2) the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct; (3) such visual depiction is of a minor engaged in sexually explicit conduct; and (4) the defendant knew that at least one of the performers in such visual depiction was a minor and knew that the visual depiction was of such minor engaged in sexually explicit conduct.

To sustain the offense charged in Count 2, the government must prove the following propositions beyond a reasonable doubt: (1) the defendant knowingly possessed material containing one or more visual depictions; (2) the visual depiction had been (a) mailed; (b) shipped or transported using any means or facility of interstate or foreign commerce; (c) shipped or transported in or affecting interstate or foreign commerce, or (d) produced using materials that had been mailed, or so shipped or transported; (3) the visual depiction was of a minor engaged in sexually explicit conduct; and (4) the defendant knew that at least one of the

performers in such visual depiction was a minor and knew that the visual depiction was of such minor engaged in sexually explicit conduct.

**GENERAL PROVISIONS**

2. The defendant acknowledges that this plea agreement is governed by Federal Rule of Criminal Procedure 11(c)(1)(B) and that the determination of his sentence is within the discretion of the Court. He understands that if the Court decides to impose a sentence higher or lower than any recommendation of either party, then he will not be permitted to withdraw his plea of guilty for that reason and will be bound by his plea of guilty.

3. The defendant agrees and understands that the Court will use its discretion to fashion a sentence within the statutory ranges set forth above. He agrees and understands that the Court will consider the factors set forth in 18 U.S.C. § 3553(a) in determining the appropriate sentence within these statutory ranges. He agrees and understands that the Court will also consult and take into account the United States Sentencing Guidelines ("Sentencing Guidelines" or "U.S.S.G.") in determining the appropriate sentence within these statutory ranges. He agrees and understands that the Sentencing Guidelines are not mandatory or binding on the Court, but are advisory in nature. He agrees and understands that the final determination of the sentence, including the applicable advisory guideline calculation, criminal history category, and advisory Sentencing Guideline range will be made by the Court.

4. The defendant understands that this plea agreement is based upon the information presently known to the United States Attorney for the Southern District of Indiana.

**SPECIFIC PROVISIONS**

5.  **Sentencing Recommendation:**   The parties reserve the right to present evidence and arguments concerning what they believe to be the appropriate sentence in this matter.   However, the defendant understands and agrees that he may not ask for a sentence of imprisonment below the mandatory minimum of 60 months.   For its part, the government will not ask for an upward departure from the otherwise applicable advisory Sentencing Guideline range. In addition, both parties reserve the right to present evidence and agreement concerning the length of the period of supervised release following the term of imprisonment.

6.  **Special Conditions of Supervised Release:**   The parties jointly recommend that the Court should impose the Special Conditions of supervised release listed below, in addition to any other Standard and Special Conditions which the Court deems appropriate in this case.   The parties understand and agree that these recommended Special Conditions are **not binding** upon the Court if it accepts this Guilty Plea Agreement, and that the Court may determine which Standard and Special Conditions to apply in this case.   The parties also recognize that the Court has the authority to modify terms of supervised release as provided in 18 U.S.C. § 3583.

   A.   The defendant shall not possess any obscenity, pornography, erotica, or nude images.   Any such material found in the defendant's possession shall be considered contraband and may be confiscated by the probation officer.

B.   The defendant shall participate in a program of treatment for sexual disorders, including periodic polygraph examinations, as directed by the probation officer. The Court authorizes the release of the presentence report and available psychological evaluations to the mental health provider, as approved by the probation officer.

C.   The defendant shall not have any unsupervised contact with any minor child, unless the contact has been disclosed to and approved by the probation officer. In determining whether to approve such contacts involving members of the defendant's family, the probation officer shall determine if the defendant has notified the persons having custody of any such minors about his conviction in this case and the fact that he is under supervision. If this notification has been made, and if the person having custody consents to the contact, then this condition is not intended to prevent approval of the contact.

D.   The defendant shall register as a sex offender with the appropriate authorities of any state in which he resides, is employed, or attends school as required by both federal and state law, including the Sex Offender Registration and Notification Act (SORNA) at 42 U.S.C. § 16901, *et seq.*

E.   The defendant shall submit to the search by the probation officer of his person, vehicle, office/business, residence, and property, including any computer systems and its peripheral devices with the assistance of other law enforcement as necessary. The defendant shall submit to the seizure of contraband found by the probation officer. The

5

defendant shall warn other occupants the premises may be subject to searches.

F.   The defendant shall provide a DNA sample as directed by the probation officer.

G.   The defendant shall consent, at the direction of the probation officer, to having installed on his computer(s) and any hardware or software, systems to monitor his computer use.  Monitoring will occur on a random and/or regular basis.  The defendant will warn other occupants of the existence of the monitoring software placed on his computer(s).

7.   **Fine:**  The government agrees not to ask for a fine in this case so that funds are available to pay the restitution specific below.

8.   **Restitution:**  The parties understand that federal law requires mandatory restitution for the offenses charged in the Information.

A.   The defendant agrees to pay a total of $20,000 in restitution to the victims of the child pornography involved in Counts 1 and 2 of the Indictment. This amount will be divided equally by Jane Doe #1 and any other victims, if any such victims can be identified and they make a claim for such restitution based upon their prior damages relating to these offenses and any future counseling expenses or other damages.  If no such additional victims are identified, then the entire sum shall be paid to Jane Doe #1.

B.   To make any such restitution payments, the defendant agrees to remit to the Court at the time of sentencing, a certified check or money order in the amount of $5,000.  This check or money order should be made payable to the Clerk of the United States District Court.

6

C. The remainder of the restitution ($15,000) shall be paid as directed by the Court and as part of the judgment in this matter.

9. **Special Assessment:** The defendant agrees to remit to the Court at the time of sentencing or as directed by the Court a certified check or money order in the amount of $200, payable to Clerk, United States District Court, which amount represents the mandatory special assessment that must be imposed by the Court and paid by all federal defendants pursuant to Title 18, United States Code, Section 3013.

10. **Waiver of Appeal:** The defendant understands that he has a statutory right to appeal the conviction and sentence imposed and the manner in which the sentence was determined. Acknowledging this right, and in exchange for the concessions made by the Government in this Plea Agreement, he agrees that in the event the Court accepts this Plea Agreement under Rule 11(c)(1)(B) and sentences him accordingly to a term of imprisonment of **168 months or less**, regardless of how the sentence is calculated by the Court, then he expressly waives his right to appeal the conviction and sentence imposed in this case on any ground, including the right to appeal conferred by Title 18, United States Code, Section 3742. Additionally, he expressly agrees not to contest his conviction or sentence or the manner in which it was determined in any collateral attack, including, but not limited to, an action brought under Title 28, United States Code, Section 2255. This waiver of appeal specifically includes all provisions of the sentence imposed in this case, including the terms of the supervised release and the amount of any restitution, fine or forfeiture.

11. **Forfeiture:** The defendant hereby admits that the property taken from his vehicle and residence during the searches by U.S. law enforcement officers in this case were used to facilitate the commission of the offenses to which he is pleading guilty, and that the property is therefore subject to forfeiture pursuant to Title 18, United States Code, Sections 2253 and/or 2254. Therefore, the defendant hereby abandons all right, title and interest in all personal property seized by authorities during the searches of his residence, including, but not necessarily limited to, computer equipment, cameras, computer storage media, monitors, and computer files, so that proper disposition may be made thereof by federal, state, or local law enforcement agencies involved in the investigation of the defendant's criminal activity. The defendant acknowledges that all of the property to be forfeited is proceeds of the offenses to which he is pleading guilty and/or was used or intended to be used in the transportation or possession of child pornography and is therefore subject to forfeiture pursuant to Title 18, United States Code, Sections 2253 and/or 2254. He further agrees not to contest any forfeiture action brought against the funds to be forfeited in lieu of real property or any of the seized personal property, whether any such forfeiture action is administrative or judicial, civil or criminal, and agrees not to contest any use or destruction of any of the seized personal property by any federal, state or local law enforcement agency.

12. **Obligation to Pay Financial Component of Sentence:** **Obligation to Pay Financial Component of Sentence:** If the defendant is unable to pay any financial component of his sentence on the date of sentencing, then he agrees that he has a continuing obligation to pay the financial

component of his sentence. He further agrees that as of the date of filing this Plea Agreement, he will provide all requested financial information to the Financial Litigation Unit of the United States Attorney's Office for the Southern District of Indiana for use in the collection of any fines and/or restitution imposed by the Court and authorizes the Financial Litigation Unit to obtain credit reports relating to him for use in the collection of any fines and restitution imposed by the Court.

13. **No Further Charges**: The government United States Attorney for the Southern District of Indiana agrees not to file any further charges against the defendant for advertising, distributing, receiving, transporting and possessing child pornography arising from his presently known criminal conduct in the Southern District of Indiana and which directly relate to the material currently in the possession of the Federal Bureau of Investigation in Indianapolis and the Indiana Internet Crimes Against Children Task Force. **Excluded Offenses**: The defendant has denied producing any child pornography or engaging in any unlawful sexual contact with a minor or adult, or attempting or conspiring to do so (hereinafter the "Excluded Offenses"). The defendant understands that this limitation on the bringing of new charges does not restrict in any way the government's right to pursue criminal charges for the Excluded Offenses or any other criminal offenses in the Southern District of Indiana or elsewhere, if such charges are discovered at any point before, during or after the conclusion of the above-entitled action.

14. **Good Behavior Requirement**: The defendant agrees to commit any new federal, state or local offenses and to fully comply with all conditions

release while this case is pending. Violation of this condition will relieve the government of its obligations under this agreement.

## SENTENCING GUIDELINES STIPULATIONS

15. Pursuant to § 6B1.4 of the Sentencing Guidelines, the parties agree to the Stipulations below. The parties understand and agree that these Stipulations are binding on the parties, but are only a recommendation to the Court and that the Court will determine the sentencing guidelines applicable in this case. The parties agree that no stipulation regarding any factors in Chapter 4, Criminal History Category, of the Sentencing Guidelines has been made, and that such determination will be made by the Court.

  A.   The base offense level for these offenses is level twenty-two (22). USSG § 2G2.2(a)(2).

  B.   USSG § 2G2.2(b)(2) applies to these offenses because of the material involved prepubescent minors or minors who had not attained the age of 12 years. This results in a further two (2) level increase in the offense level.

  C.   USSG § 2G2.2(b)(3)(F) applies to these offenses because child pornography was distributed between the defendant and others in order to receive additional child pornography in exchange. This results in a five (5) increase in the offense level.

  D.   USSG § 2G2.2(b)(6) applies to these offenses because the defendant used a computer to possess and receive the material. This results in a further two (2) level increase in the offense level.

E. USSG § 2G2.2(b)(7)(A) applies to these offenses because the offenses involved more than 600 files of child pornography. This results in a further five (5) level increase in the offense level.

F. In total, the offenses in Counts 1 and 2 for the Information carry a combined offense level of thirty-six (36).

G. The government recognizes that the defendant has agreed to admit his involvement in the criminal offenses charged in the Information and the stipulated criminal conduct. Because he timely agreed to plead guilty, the government hereby notifies the Court that it has not had to prepare the matter for trial. If this Court finds that the defendant has continued to demonstrate a recognition and affirmative acceptance of personal responsibility for his criminal conduct through the remaining phases of this case, including meetings with the United States Probation Office, the change of plea hearing, and the sentencing hearing, then the government agrees that he is entitled to a three (3) level reduction in the offense level, pursuant to U.S.S.G. § 3E1.1(a) and (b).

## **FINAL PROVISION**

The defendant acknowledges that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this document, to induce him to plead guilty.  This document is the complete and only plea agreement between the defendant, the United States Attorney for the Southern District of Indiana, and is binding only on the parties to this agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified except in writing, signed by all parties and filed with the Court, or on the record in open court.

Respectfully submitted,

JOSEPH H. HOGSETT
United States Attorney

5/13/13
DATE

Steven DeBrota
Senior Litigation Counsel

5/13/2013
DATE

Josh Minkler
First Assistant U.S. Attorney

5/7/13
DATE

DONALD SACHTLEBEN
Defendant

5/7/13
DATE

Kathleen M. Sweeney
Attorney for Defendant

12

## **STATEMENT OF THE DEFENDANT**

I have read the entire Plea Agreement and discussed it with my attorney.

I understand all the terms of the Plea Agreement and those terms correctly reflect the results of plea negotiations.

I am fully satisfied with my attorney's representation during all phases of this case.

I am freely and voluntarily pleading guilty in this case.

I am pleading guilty as set forth in this Plea Agreement because I am guilty of the crime(s) to which I am entering my plea(s).

My attorney has informed me, and I understand, that I have the right to appeal any conviction and sentence that I receive, unless I have waived my right to appeal as part of this Plea Agreement. If I have not waived my right to appeal, I understand that I must file a Notice of Appeal within 14 days of the entry of the judgment in this case; I further understand that the Clerk of the Court will prepare and file a Notice of Appeal on my behalf if I ask that to be done. I also understand that the United States has the right to appeal any sentence that I receive under this Plea Agreement.

Finally, my attorney has informed me, and I understand, that if I provide or cause to be provided materially false information to a judge, magistrate-judge, or probation officer, then the Court may increase my sentence.

5/7/13
DATE

_____
DONALD SACHTLEBEN
Defendant